UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE PALACIOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>MAURY COBB, ATTORNEY AT LAW, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JORGE PALACIOS, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, MAURY COBB, ATTORNEY AT LAW, LLC ("MAURY COBB"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and resides in Matawan, in Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MAURY COBB, ATTORNEY AT LAW, LLC is law firm located in Alabama with an office at 301 Beacon Parkway West, Suite 100, Birmingham, Alabama 35209.

8. Upon information and belief, MAURY COBB uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. MAURY COBB is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ACTION ALLEGATIONS**

11.  Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.  This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from MAURY COBB, which contained at least on one of the alleged violations of 15 U.S.C. § 1692 *et seq.* as set forth herein.

   The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13.  The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter, notice and/or practice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e; 1692e(3); 1692e(5); and 1692e(10) *et seq*.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is, at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to February 2, 2017, Plaintiff allegedly incurred a financial obligation to T-MOBILE ("T-MOBILE").

16. The T-MOBILE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The T-MOBILE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. T-MOBILE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. At some time prior to February 2, 2017, the T-MOBILE obligation was placed with MAURY COBB for the purpose of collection.

20. At the time the T-MOBILE obligation was placed with MAURY COBB for the purpose of collection, the balance was past due.

21. At the time the T-MOBILE obligation was placed with MAURY COBB for the purpose of collection, the obligation was in default.

22. MAURY COBB caused to be delivered to Plaintiff a letter dated February 2, 2017, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

23. The February 2, 2017 letter was sent to Plaintiff in connection with the collection of the T-MOBILE obligation.

24. The February 2, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon receipt, Plaintiff read the February 2, 2017 letter.

26. The February 2, 2017 letter states in part:

> "Maury Cobb & Associates LLC is please to inform you that we can offer you the opportunity to **resolve your account with T-MOBILE** for the amount of $2,556.83." (emphasis added)
>
> "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account"

27. The February 2, 2017 letter claimed that the total due on the T-MOBILE obligation was $4,191.52.

28. The February 2, 2017 letter was not signed by an attorney with MAURY COBB.

29. The February 2, 2017 letter states that Forrest Hardy, Collection Manager was the sender of the letter.

30. MAURY COBB, ATTORNEY AT LAW, LLC is not licensed to practice law in New Jersey.

31. No attorney employed by MAURY COBB was licensed to practice law in New Jersey as of February 2, 2017.

32. No attorney employed by MAURY COBB, licensed to practice law in New Jersey as of February 2, 2017, reviewed the Plaintiff's T-MOBILE account or any supporting documentation prior to the February 2, 2017 letter being sent to Plaintiff.

33. No attorney employed by MAURY COBB was licensed to practice law in New Jersey within the period beginning on the day one year prior to the date this complaint is filed to the present.

34. Defendant's use of the February 2, 2017 letter would confuse the least sophisticated consumer as to whether Defendant was meaningfully involved in the matter as an attorney and if so, to what degree of involvement.

35. The overall impression that Defendant's collection letters, the same or substantially similar to Defendant's February 2, 2017 letter, give to Plaintiff and other similarly situated is that of potential legal action.

36. Defendant's collection letters, the same or substantially similar to Defendant's February 2, 2017 letter, falsely imply that an attorney, acting as an attorney, is meaningfully involved in collecting the consumer debts at issue.

37. The FDCPA prohibits a debt collector from falsely representing or implying that any individual is an attorney or that any communication is from an attorney if, in fact, no attorney was meaningfully involved in collecting the debt. *See* Martsolf v. JBC Legal Group, P.C., 2008 U.S. Dist. LEXIS 6876, 2008 WL 275719 (M.D. Pa. Jan. 30, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011); and 15 U.S.C. § 1692e(3).

38. Defendant's February 2, 2017 letter that Defendant sent to Plaintiff and others similarly situated does not comply with the FDCPA. *See* Smith v. Michael Harrison, Esquire, 2008 U.S. Dist. LEXIS 51685 (D.N.J. July 7, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011).

**POLICIES AND PRACTICES COMPLAINED OF**

39. It is MAURY COBB's policy and practice to send letters and notices to Plaintiff and others similarly situated as shown in **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d) Making a false representation or implication that an attorney is meaningfully involved.

40. On information and belief, Defendant engaged in the practices described herein by sending written communications in the form annexed hereto as **Exhibit A**, to at least 30 natural persons in the State of New Jersey with one year of this Complaint.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

41. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

44. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

45. Section 1692e(3) of the FDCPA prohibits a debt collector from falsely representing or implying that any communication is from an attorney.

46. Defendant violated 15 U.S.C. § 1692e(3) of the FDCPA by falsely representing meaningful attorney involvement in its collection letters to Plaintiff and others similarly situated.

47. Defendant violated 15 U.S.C. § 1692 et seq., § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to be confused as to whether Defendant was meaningfully involved in the collection attempts as an attorney.

48. Defendant violated 15 U.S.C. § 1692 et seq., § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to be confused as to whether Defendant was acting as an attorney in their collection attempts and whether Defendant's collection letters implied potential legal action.

49. Defendant violated 15 U.S.C. § 1692e and § 1692e(3) of the FDCPA by making a false, deceptive, or misleading representation in its collection letters to Plaintiff and others similarly situated regarding their level of meaningful attorney involvement.

50. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken.

51. Defendant's February 2, 2017 letter violated 15 U.S.C. §1692e(5) by falsely implying that a lawsuit could be instituted by Defendant.

52. Defendant's February 2, 2017 letter violated 15 U.S.C. §1692e(5) by falsely implying that the Defendant was retained to file a lawsuit against Plaintiff and others similarly situated.

53. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

54. Defendant violated 15 U.S.C. §1692e(10) by falsely representing that an attorney was meaningfully involved in the collection process and by falsely implying that the Defendant was retained to file a lawsuit against Plaintiff and others similarly situated.

55. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

56. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

58. Plaintiff and others similarly situated were sent letters which have the likelihood to affect their decision-making with regard to the debt.

59. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen H. Chulsky, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: August 10, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 10, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

Case 3:17-cv-06118-PGS-LHG   Document 1   Filed 08/14/17   Page 13 of 14 PageID: 13



# MAURY COBB
## ATTORNEY AT LAW LLC

301 Beacon Parkway West Suite 100
Birmingham, AL 35209
205-994-6891
877-369-3667

Mon - Thurs:   9am to 6pm CST
Fridays:       8am to 5pm CST



February 2, 2017

Jorge Palacios

Dear Jorge Palacios:

Maury Cobb & Associates LLC is pleased to inform you that we can offer you the opportunity to resolve your account with T-MOBILE for the amount of $2,556.83. This will be a savings of $1,634.69 to you.

This amount must be paid in one payment and is valid until 03/15/2017.

We are not obligated to renew this offer.

Should you wish to accept this offer, please contact us at 877-369-3667. Our office accepts most credit cards, debit cards and checks over the telephone. Or payment can be mailed to 301 Beacon Parkway West, Suite 100, Birmingham AL 35209.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Very truly yours,

Forrest Hardy,
Collection Manager

| Account Summary |
| --- |
| **Original Creditor** |
| T-MOBILE |
| **Creditor's Acct#** |
| ▇579 |
| **Our Account #** |
| ▇901 |
| **Total Due** |
| $4,191.52 |

*Returned checks will be subject to the maximum fees allowed by your state. If your check is returned for non-sufficient funds, you expressly authorize your account to be electronically debited or bank drafted for the amount of the check.